**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ROY LUCE and JOSEPH LAMBERT**                                           **PLAINTIFFS**

vs.                                  No. 3:22-cv-340

**CLASSIC INDUSTRIAL SERVICES, INC.**                                    **DEFENDANT**

<u>**ORIGINAL COMPLAINT**</u>

Plaintiffs Roy Luce and Joseph Lambert (collectively "Plaintiff" or "Plaintiffs") by and through undersigned counsel, for their Original Complaint against Classic Industrial Services, Inc. ("Defendant"), state and allege as follows:

**I.       PRELIMINARY STATEMENTS**

1.       This is an action brought by Plaintiffs, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Louisiana Wage Payment Act, La. Rev. Stat. Ann. § 23-631, *et seq.* (the "LWPA").

2.       Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiffs sufficient wages under the FLSA and the LWPA within the applicable statutory limitations period.

3.       Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the LWPA as described, *infra.*

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Middle District of Louisiana has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    This Complaint also alleges LWPA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' LWPA claims pursuant to 28 U.S.C. § 1367(a).

6.    Defendant conducts business within the State of Louisiana.

7.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Louisiana has personal jurisdiction over Defendant, and Defendant therefore "resides" in Louisiana.

8.    Upon information and belief, Defendant is headquartered in and does business within the Middle District of Louisiana. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

9.    Roy Luce ("Luce") is an individual and resident of Trinity County, Texas.

10.    Joseph Lambert ("Lambert") is an individual and resident of Pearl River County, Mississippi.

11.    Defendant is a foreign, for-profit corporation.

12.    Defendant's registered agent for service of process is C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

13.    Defendant, in the course of its business, maintains a website at https://www.classicindustrial.com/.

## IV.    FACTUAL ALLEGATIONS

14.    Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

15.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the industrial contracting services industry.

17.    Defendant employed Plaintiffs within the three years preceding the filing of this lawsuit.

18.    Specifically, Defendant employed Luce as an hourly-paid Site Manager from approximately August of 2021 until November of 2021.

19.    Defendant employed Lambert as an hourly-paid Senior Electrical Manager from approximately September of 2021 until November of 2021.

20.    At all times material herein, Plaintiffs have regularly worked with or handled instrumentalities of interstate commerce, such as cell phones and the internet.

21.    At all relevant times herein, Defendant directly hired Plaintiffs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties,

protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22.    At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

23.    Defendant classified Plaintiffs as nonexempt from the overtime provisions of the FLSA and paid them an hourly wage.

24.    Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

25.    Defendant did not compensate Plaintiffs for all the hours that they worked.

26.    Specifically, Luce was not paid for his first or last weeks of work during which he worked approximately 105 total.

27.    Lambert was not paid for his final three weeks of work, during which he worked approximately 165 hours total.

28.    Because Defendant failed to pay Plaintiffs any wages during the weeks listed above, Plaintiffs incurred minimum wage and overtime pay violations.

29.    Defendant terminated Luce's employment in November of 2021.

30.    Defendant terminated Lambert's employment in November of 2021.

31.    Luce emailed Defendant requesting his final pay but Defendant failed to respond.

32.    Lambert emailed and called Defendant multiple times requesting his final pay but Defendant failed to respond.

33.    Plaintiffs tracked their time, including their time during their unpaid weeks of work, via paper timesheet which they submitted to Defendant via email.

34.     Plaintiffs incurred expenses on Defendant's behalf such as hotel rooms and rental cars.

35.     Defendant failed to reimburse Plaintiffs for the expenses incurred on Defendant's behalf. Plaintiffs therefore "kicked back" that amount to Defendants, creating additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35.

36.     Defendant knew or should have known that it was not paying Plaintiffs and sufficient minimum wages and overtime premiums for all hours worked.

37.     Defendant has willfully failed to pay minimum wage and overtime premiums to Plaintiffs.

### VI.    FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

38.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

39.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

43.    During the period relevant to this lawsuit, Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

44.    Despite the entitlement of Plaintiffs to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiffs lawful overtime wages for all hours worked over forty each week.

45.    Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

46.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.    SECOND CAUSE OF ACTION—VIOLATION OF THE LWPA

48.    Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

49.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the LPWA, La. Rev. Stat. Ann. § 23-631, *et seq.*

50.    The LPWA requires employers to pay discharged employees all wages due on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

51.    Defendant failed to pay Plaintiffs their final paychecks.

52.    Plaintiffs made a demand to Defendant for their unpaid wages.

53.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

54.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages of 90 days wages at Plaintiffs' daily rate of pay or full wages from the time of Plaintiffs' demand, and costs, including reasonable attorneys' fees.

### VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Roy Luce and Joseph Lambert, respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.    That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the LPWA and their related regulations;

C.    Judgment for damages for all unpaid minimum wage compensation and overtime compensation owed to Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.    Judgment for damages equal to Plaintiffs' unpaid final paychecks;

E.    Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the LWPA and their related regulations;

F.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

G.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS ROY LUCE
and JOSEPH LAMBERT**

DUDLEY DEBOSIER INJURY LAWYERS
4300 Youree Drive, Suite 250
Shreveport, Louisiana 71105
Telephone: (318) 995-3574

*/s/ G. Adam Savoie*
G. Adam Savoie
La. Bar No. 32676
asavoie@dudleydebosier.com

*LOCAL COUNSEL FOR PLAINTIFFS*